## SUPREME COURT.

WILLIAM H. BAKER, as receiver, &c., agt. JOHN C. VAN EPPS and SARAH H. VAN EPPS.

*Receiver — irregularity in employing an attorney of a judgment creditor — in motion to set aside summons and complaint for such irregularity all the defendants must join.*

Although irregular for a receiver in supplementary proceedings to employ, on his behalf, the attorney for the judgment creditor in the action, yet where there are two or more defendants all must join in the application to set aside the summons and complaint for such irregularity.

*Monroe Special Term, February,* 1880.

MOTION by defendant John C. Van Epps to set aside the summons and dismiss the action as to him, on the ground of irregularity, to wit : that the plaintiff's attorney in this action is and was the attorney of the judgment creditor, in the action and proceedings supplementary to execution therein, by which the plaintiff was appointed receiver of the property, &c., of John C. Van Epps.

The complaint herein alleges the plaintiff's appointment June 26, 1879, and qualification as receiver, &c., on proceedings supplementary to execution, upon a judgment for $9,715.15, recorded March 10, 1879, by Abram W. Van Epps against John C. Van Van Epps; and alleges "that the said John C. Van Epps and his wife (codefendants), Sarah H. Van Epps, 'conspired together to prevent plaintiff from obtaining rents' of certain premises in Rochester, alleged to have been owned by said judgment debtor; and that by reason of such conspiracy and interference with plaintiff's rights as such receiver, the said Sarah H. Van Epps received certain rents, and that she, in the same way, had rented certain premises of said judgment debtor and owed therefor, and 'demands judgment for $355 and interest, or for accounting, &c.'"

The defendant Sarah H. Van Epps duly answered. The other defendant, John C., without appearing in the action, makes this motion on the irregularity stated.

The motion is made upon the summons and complaint and affidavits, which allege in substance, upon information and belief, that no order of court was obtained instructing said plaintiff, receiver, to sue ; that the attorney of record for the plaintiff here was the attorney for the judgment creditor in all the proceedings of said judgment, and is still acting as such attorney; that said attorney also has an assignment of said judgment, or part thereof, to himself, and has brought this action at his own prompting instead of that of plaintiff, receiver, and for the interest of himself; that the judgment on which supplementary proceedings were instituted has been appealed to general term, and the present action is brought

Baker agt. Van Epps.

to harass defendants therein and force a settlement. There was also an affidavit of merits by said John C. Van Epps.

On the argument plaintiff's attorney produced an order of court granting plaintiff, as such receiver, the right to bring this action.

*Fanning & Williams*, for motion.

(1.) The motion papers are in pursuance of *Branch* agt. *Harrington* (49 *How. Pr.*, 196). That case is decisive of this motion; see, also, cases therein cited.

(2.) The principle that an attorney for receiver (as the receiver acts for both debtor and creditor) should be untrammeled rests in public policy.

(3.) The attorney for receiver having, moreover, an assignment of the judgment is the real party in interest, and, hence, comes under the stringent rule.

(4.) The judgment debtor is the only one who can take advantage of the irregularity. It alone affects him. A third party cannot take advantage of it. Hence, his codefendant cannot join in the motion (*See Branch* agt. *Harrington*, *supra; and Comming* agt. *Egerton*, 9 *Bosworth*, 685).

*Angus McDonald* (*Wm. E. Edwards*, attorney), opposed.

(1.) *Branch* agt. *Harrington* (49 *How.*, 196) is a special term decision, and anomalous.

(2.) Both defendants should join in the motion. The action cannot be discontinued as to one because improperly brought, and continued as to the other because properly brought.

(3.) There is a distinction between receivers in equity and those in supplementary proceedings. The receiver is simply the agent of judgment creditors. The rule as applicable to present case is exploded (*Bostwick* agt. *Menk*, 40 *N. Y.*, 383; *Becker* agt. *Torrance*, 31 *N. Y.*, 641). A receiver in supplementary proceedings is nothing but an execution in equity (*Rule* 85.)

MACOMBER, *J.* — The motion to set aside the summons and complaint is denied, for the reason that all of the defendants did not join in the application. No costs allowed.